39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles W. PARKER, Plaintiff-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF AGRICULTURE, Food and Drug
Division, Defendant-Appellee.
 No. 93-1297.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 28, 1994.
Decided Nov. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-92-269-5-CIV-H).
 ARGUED: Gail Starling Marshall, Rapidan, VA, for appellant. Valerie L. Bateman, Assistant Attorney General, North Carolina Department of Justice, Raleigh, NC, for Appellee. ON BRIEF: Michael F. Easley, Attorney General of North Carolina, Thomas G. Meacham, Jr., NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before HALL, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Parker brought this Title VII action alleging he was not hired for a job because of his race. The district court concluded that Parker failed to allege a prima facie case and therefore dismissed his complaint. Because we conclude that Parker did allege a prima facie Title VII case, we vacate the district court's judgment and remand for further proceedings.
 
 I.
 
 2
 In December 1990, the North Carolina Department of Agriculture (DOA) advertised a new opening for a chemistry technician. Charles Parker, who is black, and three other candidates (one black, two white) were interviewed for the position. After the interviews were completed, the DOA offered the job to one of the white candidates. The DOA told Parker by letter that someone else got the job.
 
 
 3
 Alleging that he was not hired because of his race, Parker filed administrative claims with North Carolina's Office of Administrative Hearings and the United States Equal Employment Opportunity Commission pursuant to Title VII of the Civil Rights Act of 1964. Both agencies investigated his allegation of racial discrimination and found it to be without merit.
 
 
 4
 After Parker exhausted his administrative remedies, he filed a pro se Title VII complaint against the DOA in district court on April 13, 1992. His complaint alleged that he was qualified for the chemistry technician position and that he was not hired because of his race. The DOA filed a motion to dismiss the complaint, contending, among other things, that Parker failed to allege a prima facie case of racial discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).[1]
 
 
 5
 In response to the DOA's motion, the district court ordered the parties to supply it with additional facts on whether Parker could satisfy the fourth McDonnell Douglas factor, i.e., "that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications," id. at 802. Parker could not satisfy this factor because the DOA did not continue to recruit after it rejected him. Rather, the DOA contemporaneously rejected Parker and the other unsuccessful candidates when it hired the successful white candidate. In a January 4, 1993, order the district court dismissed Parker's complaint on the ground that Parker failed to allege McDonnell Douglas 's "continued recruitment" factor:
 
 
 6
 [T]he court finds that the plaintiff has not shown that the defendant continued to recruit qualified applicants.... Therefore because the plaintiff has not established the fourth element of a prima facie case of racial discrimination, his complaint must be dismissed for failure to state a claim on which relief can be granted.
 
 
 7
 Parker appeals.
 
 II.
 
 8
 Parker argues that the district court erroneously concluded that a complainant must be able to satisfy the "continued recruitment" factor in order to make out a prima facie Title VII case. We agree.
 
 
 9
 The Supreme Court observed in McDonnell Douglas that "[t]he facts necessarily will vary in Title VII cases, and the specification ... of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." 411 U.S. at 802 n. 13. See also Furnco Contr. Corp. v. Waters, 438 U.S. 567, 577 (1978) ("The method suggested in McDonnell Douglas ... was never intended to be rigid, mechanized, or ritualistic."); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 n. 6 (1981). For instance, the Supreme Court has said that a complainant could satisfy the fourth prong of McDonnell Douglas merely by showing "that after she was rejected [the employer] either continued to seek applicants for the position, or, as is alleged here, filled the position with a white employee." Patterson v. McLean Credit Union, 491 U.S. 164, 186-87 (1989) (emphasis added).
 
 
 10
 Adhering to the clear language in the Supreme Court's Title VII cases, our circuit has said a complainant makes out a prima facie case if he or she merely shows, in addition to the first three McDonnell Douglas factors, that the successful applicant was white.
 
 
 11
 The requirements for establishing a prima facie case of racial discrimination under Title VII are, understandably, low: A plaintiff need only demonstrate she is a member of a protected class, that she applied and was qualified for the position, that she was rejected, and that the employer either continued to seek applicants for the position or filled it with an applicant who was white.
 
 
 12
 Blue v. United States Dep't of Army, 914 F.2d 525, 536 (4th Cir.1990) (emphasis added) (citing Patterson, 491 U.S. at 186), cert. denied, 499 U.S. 959 (1991); see also Carter v. Ball, 33 F.3d 450 (4th Cir.1994) ("To satisfy the fourth prong [of the prima facie case], Carter need only show that the position was filled by a white applicant, as he has done.").
 
 
 13
 Here, the district court found that Parker satisfied the first three McDonnell Douglas factors. And the district court found that the successful candidate was white. Consequently, Parker has alleged a prima facie case of race discrimination, and the district court erred in dismissing his Title VII complaint.
 
 III.
 
 14
 The district court erred in dismissing Parker's Title VII complaint. Therefore, we vacate the judgment and remand to the district court for further proceedings.[2]
 
 
 15
 VACATED AND REMANDED.
 
 
 
 [1]
 In McDonnell Douglas the Supreme Court said that a Title VII complainant's prima facie case "may" be established by showing: "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." 411 U.S. at 802
 
 
 [2]
 In its motion to dismiss Parker's complaint, the DOA also argued to the district court that the complaint should be dismissed on the grounds of insufficiency of process and insufficiency of service of process. The district court declined to reach these alternative grounds for dismissal because it agreed with the DOA that Parker failed to allege a prima facie case. Because the district court has yet to consider these alternative grounds, we decline to consider them here. The district court may consider them on remand